MEMORANDUM OPINION




No. 04-03-00903-CR



Roy Lee WOODSON,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-0410


Honorable Mary Román, Judge Presiding



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: February 25, 2004


DISMISSED

 Pursuant to a plea-bargain agreement, Roy Lee Woodson pled nolo contendere to driving
while intoxicated and was sentenced to one year in jail and fined $1,500 in accordance with the terms
of his plea-bargain agreement. On October 21, 2003, the trial court signed a certification of
defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right
of appeal." See Tex. R. App. P. 25.2(a)(2). After Woodson timely filed a pro se general notice of
appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. See id.
25.2(e). The clerk's record, which includes the trial court's rule 25.2(a)(2) certification, has been
filed. See id. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain,
establishes the punishment assessed by the court does not exceed the punishment recommended by
the prosecutor and agreed to by the defendant. See id. 25.2(a)(2). The clerk's record does not include
a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its
permission to appeal. The trial court's certification, therefore, appears to accurately reflect that this
is a plea-bargain case and that Woodson does not have a right to appeal. We must dismiss an appeal
"if a certification that shows the defendant has the right of appeal has not been made part of the
record." Id. 25.2(d). 

 We, therefore, warned Woodson that this appeal would be dismissed pursuant to Texas Rule
of Appellate Procedure 25.2(d), unless an amended trial court certification showing that Woodson
had the right to appeal was made part of the appellate record by January 28, 2004. See Tex. R. App.
P. 25.2(d), 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.--San Antonio 2003, order). No such
amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to rule
25.2(d). 


 PER CURIAM

Do not publish